## Appeal of PAUL GUENTHER.

Docket No. 1755.   Submitted April 15, 1925.   Decided June 19, 1925.

*Samuel Klein, Esq.*, for the taxpayer.
*Laurence Graves, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

In this case the Commissioner has asserted a deficiency in income tax for the year 1918 in the sum of $29,856.44, of which amount there is in controversy $16,521.38. The Commissioner disallowed as a deduction a loss claimed by the taxpayer to have resulted from the sale of certain bonds of the German Government.

### FINDINGS OF FACT.

The taxpayer is an American citizen of German birth. In 1915 he purchased certain German bonds, the price being $36,609. He has been for years an intimate friend and business associate of Joseph H. Emery. It appears that it had been the custom for many years for Emery to pay the taxpayer's entertainment expenses while in New York. These expense items were, in the main, theatre tickets, cigars, dinners, and similar expenses. For several years prior to 1918, in the latter part of December of each year, the two friends had cast up accounts and had a settlement. In 1918 they agreed that Emery had expended for Guenther during that year approximately $3,800. It was agreed that Guenther should settle this obligation by transferring to Emery the German bonds above referred to, which transfer was actually made and the obligation treated by the parties as having been paid in full.

In 1919 Guenther visited his home town in Germany, and, observing the unfortunate conditions prevailing there, created a trust in favor of all of the citizens of that community, including a number of his own relatives. In 1920 Emery, learning of the trust, donated said bonds to said trust, his reason being that the people of this community were, many of them, employed in factories producing merchandise purchased by his firm and that it had been for many years the practice of his firm to foster a spirit of friendship between

his firm and the manufacturers and their employees. The taxpayer in his return for 1918 fixed the sale price of the bonds at $4,000 and deducted the difference between the purchase and the sale price.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

GREEN: The transaction was, to say the least, unusual. However, no evidence was offered on behalf of the Commissioner to overcome the evidence of the taxpayer, and cross examination of the witnesses only served to strengthen the taxpayer's case.

The uncontroverted testimony of the taxpayer and Emery is that the bonds were purchased at a cost of $36,609 and that they were accepted by Emery in satisfaction of an indebtedness to him in the sum of $3,800, which said sum is less than the sale price reported by the taxpayer. We are asked to approve the determination of the deficiency because of the unusual nature of the transaction and the fact that the bonds were subsequently donated to a trust created by the taxpayer. We find nothing in the record which would justify us in believing that either the taxpayer or Emery has acted in bad faith or has told us anything other than the absolute truth.